STATE OF MONTANA,
    Plaintiff,                                      No. DC-96-149
vs.                                                    Decision
KEVIN SCHMALZ,
    Defendant.

On December 19, 1996, the defendant was sentenced to the following: Count I: Forty (40) years in the Montana State Prison, plus an additional ten (10) years for the use of a weapon in the commission of the crime, to run consecutively to the underlying offense; Count III: Seventeen (17) years in the Montana State Prison, plus an additional eight (8) years for the use of a weapon, to run consecutively with the underlying offense. The sentence in Count III is to run concurrently with the sentence imposed in Count I.

On August 24, 2000, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Allen Beck. The state was represented by Daniel Schwarz.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

It is the majority decision of the Sentence Review Board that the sentence shall be amended as follows: Count I: Sixty (60) years in the Montana State Prison, with forty (40) years suspended, plus an additional ten (10) years for the use of a weapon during the commission of the crime, to be served consecutively to Count I; the sentence imposed in Count III shall remain the same.

The reason for the amendment is that the offense is very serious and does warrant a lengthy period of incarceration, but that a lengthy period of supervision is also required. The sentence was inadequate in not providing for that period of probation. While the defendant's juvenile record is also serious, it includes no violent offenses; it also shows that he only received one disposition for all of those offenses, and that was received shortly before this event occurred. The defendant was placed on probation and was not given any rehabilitative programs, according to the Pre-Sentence Investigation Report. This is not a situation where rehabilitation was tried successively and failed, it is one where nothing was tried. Additionally, the defendant's mental health diagnosis was not even discovered until after this event occurred. Judge Baugh's obvious intent at sentencing was to provide for mental health counseling for this defendant.

Done in open Court this 24th day of August, 2000.

DATED this 11th day of September, 2000.

Mèmber, Hon. Marge Johnson and Member, Hon. David Cybulski. The Honorable Jeffrey H. Langton dissents.

It is Judge Langton's opinion that the sentence should be affirmed, as it was not clearly excessive. It was entirely consistent with the recommendations of the Pre-Sentence Investigation Report, which recommended a lengthy term at the Montana State Prison. This defendant has an extensive juvenile delinquency record, including

seven felony offenses and multiple misdemeanors. This crime was committed while the defendant was on probation; it involved a deliberate, non-provoked assault upon both of his parents with a firearm, with gunshot wounds to both parents. Judge Langton does agree that there should, in fact, be a probationary period added to this sentence.   Chairman, Hon. Jeffrey H. Langton